COURTLAND P. CHAPMAN *vs.* JAMES M. PENDLETON, Town
Treasurer.

APRIL 27, 1912.

PRESENT: Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

*(1) Evidence. Highways. Requests to Charge.*

In an action of trespass q. c. against a town in taking land for highway pur-
poses, the evidence showed an understanding with plaintiff that the town
was to reset the walls, and that the town used about one-third of the stones
from the walls in a stone crusher and that material to build a good wall was
not to be found in that locality.

*Held,* that under such facts, request to charge that if plaintiff was present and
knew of the taking down of the walls and the construction of the road by
the town and made no objection, the town had the right to believe that he
was consenting thereto and he could not recover therefor in an action of
trespass, was inappropriate, since there was no evidence that plaintiff ac-
quiesced in the use of his walls in that manner.

*(2) Highways. Towns. Agency.*

In an action of trespass arising out of the taking of land for highway purposes,
request to charge that if plaintiff permitted the work to proceed under a
promise that the town would make him whole for it, he could not recover
in an action of trespass, but was confined to an action on the promise, was
properly refused, since one dealing with a town or its agents is presumed to
know the law relative to the scope of such agency and the powers of the
town with reference to the marking out of highways, which are strictly
defined by Gen. Laws, 1896, cap. 71, and nowhere include the power to
enter into such an agreement.

*(3) Verdicts. Special Findings.*

In an action of trespass arising out of the taking of land for highway purposes, a
general verdict of guilty is not inconsistent with a special finding that the
construction of the highway was made with the consent of plaintiff, where
such consent referred to an understanding between plaintiff and the town
which was not carried out by the latter, and not to a consent to the con-
struction after it was completed.

*(4) Highways. Trespass.*

Where proceedings under which a highway was attempted to be laid out, have
been quashed for irregularities, no authority can be claimed thereunder.

*(5) Trespass. License. Burden of Proof.*

When a conditional license is relied upon in defence to an action of trespass, the
burden of proving the license and performance of its conditions is upon the
one alleging the same.

*(6) Trespass. License. Motive.*

To enter upon land with the intention to act in such a manner as to put it

out of ones power to comply with a condition of the license granted, would constitute a trespass, and in the absence of any explanation, the jury may infer a motive from the conduct of the persons concerned.

Trespass Quare Clausum Fregit.　Heard on exceptions of defendant, and overruled.

Dubois, C. J.　This is an action of trespass *quare clausum fregit*, brought by the plaintiff against the town treasurer of Westerly, to recover damages for the acts of its agents and servants in entering upon three separate parcels of his land, nearly one mile in length, and varying in width, adjoining the Watch Hill Road, and removing therefrom about 5,370 lineal feet of boundary wall, and widening, relaying and reconstructing said road by building the same upon and over the surface of the greater portion of said strip of land.　The plaintiff is a farmer and owns a great deal of land along said highway.　In March, 1907, the town council of Westerly voted that it was necessary to relay and widen about four miles of said road, and appointed a committee for that purpose.　The committee was engaged to perform their duties October 17, 1907, and made their report to the town council October 28, 1907; this report was duly accepted and confirmed by the town council, and an appeal from their decree was taken by the plaintiff herein; the appeal was heard in the Superior Court upon the appellant's motion to quash said proceedings and a final decree quashing the same was entered in the Superior Court, November 30, 1908.　Immediately after the appointment of the above-mentioned committee and before their engagement as such the town council advertised for bids to do the work proposed and entered into a contract therefor with the T. H. Gill Company, March 28, 1907.　The Gill Company commenced work under its contract in April, 1907, and completed the same to the acceptance of the town council, November 4, 1907, nearly four weeks before the final decree quashing the proceedings was entered in the Superior Court.　On the seventeenth day of November, 1908, the town council ap-

pointed another committee to relay and widen said road, who were duly engaged and made report to the town council, who accepted their report on May 3, 1909, and the plaintiff claimed an appeal from their decree confirming the report and from the assessment of damages made by the town council. On November 27, 1908, the plaintiff presented a particular account of his claim against the town and the same not having been satisfied within forty days after its presentation, he commenced suit, by writ dated June 3, 1909, which is the case under consideration.

The appeal from the decree of the town council confirming the report of the committee appointed November 17, 1908, and the present case, pending at the same time were consolidated by the court, against the objection of the plaintiff, upon the following:

## "MOTION TO CONSOLIDATE.

"And now come the defendants in the above entitled causes, and move that the same may be consolidated for the purposes of trial, showing:

"1.   That the plaintiff in each of said causes is Courtland P. Chapman.

"2.   That the actual party in interest as defendant in both of said causes is the Town of Westerly.

"3.   That each of said causes are brought for the recovery of damages growing out of the same transaction, viz.: the taking of certain land of the plaintiff for highway purposes by said Town of Westerly, the first of said actions referring to damages connected with the actual construction of the highway under a defective condemnation, and the second of said actions referring to the damages occurring from the condemnation of the land under subsequent proceedings.

"4.   That the matters connected with the question of damages in said two causes are so inextricably confused that the same cannot be separated without great difficulty, and that grave injustice is liable to be done to one or the other of the parties by the trial of said causes separately.

"5.   That the witnesses and testimony in the two cases must largely be identical, and that great and unnecessary expense to the parties will be occasioned by the trial of said causes separately.

"6.   That the consolidation of said suits will expedite the business of this court, and prevent unnecessary cost and a multiplicity of suits, and that the matter in dispute can more conveniently and satisfactorily be determined in one action than in two."

The declaration in the case under consideration contains three counts, to which the defendant filed a plea of the general issue, and subsequently, in the course of the trial, it was permitted to file special pleas of "leave and license of the said plaintiff to it for that purpose first given and granted," and "leave and assent of the said plaintiff to it for that purpose first given and granted, to wit, at the said several times when &c. in accordance with a prior under-standing and agreement as to the relocation of the highway along said premises theretofore, to wit, at said Westerly, to wit, on the 22nd day of January, A. D. 1907, entered into between the plaintiff and the agents and servants of the said town of Westerly, to wit, Tristam D. Babcock, President of the town council of said Westerly, and Thomas McKenzie, the engineer of said town." To these pleas the plaintiff filed his replication traversing the same.

Under the consolidation aforesaid the cases were tried together with the result that in the case of the plaintiff's appeal from the decree of the town council, a verdict was rendered sustaining the layout of the highway, but increasing the damages. It appears that neither party has made any attempt to disturb these findings and that the amount of the verdict has been paid to the plaintiff by the town. In the case at bar the jury returned a general verdict against the defendant and assessed damages for the plaintiff in the sum of $600, and also returned the following special verdicts: "The reconstruction of the highway along the premises in question in these suits, and over portions thereof, by the

town of Westerly in the year 1907, was made by said town with the consent of the plaintiff;" and "The work of reconstructing the highway along the premises in question in these suits, and over portions thereof, by the town of Westerly, in the year 1907, was not done by said town, with the knowledge of the plaintiff, and without objection on his part to the doing of said work until after said work of reconstruction had been completed."

The defendant thereupon filed the following motion for a new trial: "And now comes the defendant in the above entitled cause, and moves that a new trial be granted him for the following reasons:

"1. That the general verdict in said cause is contrary to the evidence.

"2. That the general verdict in said cause is contrary to the weight of the evidence therein.

"3. That the general verdict in said cause is contrary to law.

"4. That the general verdict in said cause is inconsistent with the first special finding made by the jury therein.

"5. That the damages assessed by the jury in said cause are excessive.,

"6. That the second special finding of the jury, is contrary to the evidence in said cause;" which was denied by the justice who presided at the trial of the cause, as appears. by the following rescript:

"This is an action for trespass for damages to plaintiff's realty, caused by the servants and agents of the town of Westerly, in the construction of a highway, etc., along the land of the plaintiff, acting under a defective condemnation.

"Before the trial of this case, a motion of the defendant, which was opposed by the plaintiff, to consolidate a second action for damages for a subsequent condemnation of this land, in subsequent proceedings, was granted by the court, and the two actions were tried together by one jury.

"The jury awarded damages of six hundred dollars in this particular action, and the defendant objects to the award

on several grounds, the principal one argued on the motion for the new trial being that the damages were excessive.

"The defendant, in the motion to consolidate, made the following allegation, as a reason for the consolidation of the two actions:

" ' That the matters connected with the question of damages are so inextricably confused that the same cannot be separated without great difficulty, and that grave injustice is liable to be done to one or the other of the parties by the trial of said causes separately.'

"After hearing the evidence at the trial the Court was satisfied that the above statement by the defendant was a correct statement.'

"The defendant, having asked a trial by one jury of both causes of action, and having placed on record the admission that the damages are so inextricably confused that the same cannot be separated without great difficulty, cannot fairly complain, if the trial court, in passing upon the amount of damages in this case, takes into consideration the award of the jury in the second case, from which no appeal was taken.

"Viewed as a whole, the findings of the jury, meet with the approval of the trial Court. The questions of law and fact in these cases were somewhat complicated, and in my opinion the findings of the jury, which was composed of men familiar with the locality and the local conditions, effect substantial justice.

"It is true that an award of a sum somewhat less than $600 might have been warranted if the jury had taken the defendant's view of the testimony, but the Court does not consider that the jury has exceeded its jurisdiction in the amount of the award of damages, and consequently the motion of the defendant for a new trial is denied."

Whereupon the defendant duly excepted to the ruling of said court and filed and prosecuted its bill of exceptions and the case is before this court for consideration upon the following questions now relied on by the defendant:

1. Did the court err in refusing to grant the requests to charge the jury, offered by the defendant, and numbered "17," "19" and "20," respectively?

2. Did the court err in refusing to rule that the general verdict in said cause was inconsistent with the first special finding?

3. Did the court err in refusing to grant a new trial on the ground that the general verdict was contrary to the evidence and the weight thereof in that the town of Westerly was not guilty of trespass?

4. Did the court err in refusing to grant a new trial on the ground that the damages awarded in said verdict were excessive?

The requests above alluded to respectively read as follows:

17th request: "That if the plaintiff was present and knew of the taking down and removal of the walls from their old location, and the construction of the road by the town, and made no objection thereto, it had a right to believe that he was consenting to such removal of the walls and construction of the road, and he cannot recover therefor in an action of trespass."

19th request: "That if the plaintiff permitted the work to proceed under a promise that the town would make him whole for it, he cannot recover in an action of trespass for the work so proceeded with, but is relegated to an action on the promise relied upon by him in permitting the work to so proceed."

20th request: "So also, if the plaintiff permitted the work to proceed in consequence of a promise in behalf of the town that 15% of the amount coming to the contractor should be retained until the contractor had made right the matter of construction of walls, retaining walls, &c., complained of, the plaintiff cannot recover in trespass for the work so proceeded with, but is relegated to an action on the promise so made in behalf of the town."

These requests are founded upon the defendant's special pleas hereinbefore referred to. Tristam D. Babcock, who

was president of the town council of Westerly from June 1906 to June 1907, testified as to the terms and conditions imposed by the plaintiff with respect to the taking of his land for the highway: "Q. 60. What were his terms and conditions? Ans. His terms were for the pasture part to the north of where I live, $25. Q. 61. At the north, you mean this way? Ans. Yes; to the south it was $250, with the understanding that the town was to reset the walls and remove the soil in convenient heaps for him to take away. Q. 62. Now, was there anything further said, if so what, by Mr. Chapman and the committee and any other persons of the town, concerning the walls? Ans. Yes; he said that he wanted a good wall and I made objection to that from the fact that material was not there to build a good wall. I told him the walls would be reset, or rebuilt, and he desired a wall like mine. He referred to some wall I had lately had built. . . . Q. 65. What was said about that? Ans. I told him that was simply an impossibility and we would not build such a wall as that and the matter was all finally left that the walls should be reset." It also appeared in evidence that about one-third of the stones were taken from the walls and broken up in a stone crusher for use in the highway. It thus appears that the walls could not be reset or rebuilt with the materials of which they were composed, because one-third of that material had been taken away and converted to another use, and it also appears that material to build a good wall was not to be found in that immediate locality. In these circumstances the seventeenth request was inappropriate. There is a vast difference between taking down walls for the purpose of rebuilding or resetting them on a new line, in exercise of a license given for that purpose, and taking them down to crush a portion thereof for road purposes, with the hope of rebuilding them out of the material then remaining. There is no evidence that the plaintiff permitted or acquiesced in any such use of his walls.

(2)     The nineteenth request was also properly refused. Every person dealing with a town or with the agents of a town is

presumed to know the law relative to the scope of such agency and the powers of the municipality with reference to the matter under consideration.   The powers of a town, its town council and the men appointed by them to mark out highways, are strictly defined in Gen. Laws, R. I., 1896, cap. 71, "Of laying out and making highways and driftways," and nowhere includes the power to promise that the town will make whole the owners of land over which a highway is laid out, for the damage they shall sustain, if any, by means of such highway passing through their land.   Sec. 4 of said chapter provides as follows: "They (the men appointed) shall also agree with the owners of the land over which such way is laid out, for the damage they shall sustain, if any, by means of such highway passing through their land; and in case they cannot agree with the owners, the town council shall value and appraise the damage, if any, caused by such highway passing through their land."   And Sec. 11 of said chapter as amended by C. P. A., Sec. 1102 reads as follows: "Sec. 11.   If any person through whose land a highway or driftway is laid shall be aggrieved by the doings of the committee or town council, he, his heir or devisee, may appeal to the Superior Court in accordance with the provisions of law with reference to appeals from town councils."   No such promise as is contained in the request, if made, would be binding on the town, or would furnish any basis for an action against the town.   For the same reasons the twentieth request was properly refused.   The questions at issue were clearly set forth by the presiding justice at the trial in his charge to the jury, and to have granted the requests would have only tended to confuse the matter by directing the attention of the jury to immaterial matters.   We see no inconsistency between the general verdict and the first special finding.   The general verdict is that the defendant is (3) guilty of trespass; the first special finding is that "the reconstruction of the highway along the premises in question in these suits, and over portions thereof, by the town of Westerly in the year 1907, was made by said town with the con-

sent of the plaintiff." By this we understand that the town, through Mr. Babcock, and the plaintiff made the agreement that Mr. Babcock testified to, that the town should pay the plaintiff $275 and take the component parts of his walls from the old to the new line and reset them there, and upon that understanding the plaintiff consented to the reconstruction of the road in the manner proposed. We do not understand by the special finding that the plaintiff consented to the reconstruction after it was completed. Apparently such was not the intention of the finding because it carefully omits all mention of work done. We will not assume that counsel attempted to confuse or mislead the court or the jury by the special findings, and if the first special finding was intended to relate to a time after the completion of the work, the second special finding was not only unnecessary but misleading. In our opinion the Superior Court judge did not err in refusing to grant a new trial upon the ground that the general verdict was contrary to the evidence and the weight thereof in that the town of Westerly was not guilty of trespass. If the agents of the town entered upon the lands of the plaintiff without authority, they and the town, which is responsible for their acts done within the scope of their authority, are guilty of trespass. It is manifest that as the proceedings, under which the highway was attempted to be laid out, were quashed in the Superior Court no authority is or can be claimed thereunder. The only other authority, and the one specifically relied upon by the defendant, is the leave, license or consent of the plaintiff. But that was conditional as hereinbefore shown. When a conditional license is relied upon in defence to an action of trespass, the burden of proving the license and the performance of its conditions is upon the party alleging the same. Whether or not the defendant successfully maintained the burden was a question for the jury. By their verdict the jury decided that it did not. With what intention the agents of the defendant took down the plaintiff's walls, whether for the purpose of removing and resetting the same on the new line, or for the

purpose of crushing some of the stones therein, was a question difficult to determine, and even more so was the question whether the agents of the town may not have innocently taken down the walls, to remove and reset in accordance with the license granted, and afterwards have succumbed to the temptation to use portions thereof in the crusher which was conveniently situated in close proximity to the same. In the absence of any explanation, offered by the (6) persons concerned, the jury had the right to infer their motive from their conduct, to judge them by their acts in the premises. It was proved that they did destroy a portion of the walls, thus making it impossible to rebuild or reset the same with the original materials. To enter upon the land with the intention to act in such a manner as to put it out of their power to comply with a condition of the license granted them, would clearly constitute a trespass.

There was sufficient evidence to justify the verdict that the defendant is guilty of trespass. We cannot say that the court erred in refusing to grant a new trial upon the ground that the damages awarded were excessive. It was clearly a matter for the jury to determine upon the testimony. The verdict of the jury has been approved by the judge who saw and heard the witnesses and we cannot say that the verdict was the result of passion, prejudice or other improper motive or that the judge erred in his approval of the verdict. The case in this respect comes within the doctrine approved in the case of *Wilcox* v. *The Rhode Island Company*, 29 R. I. 292.

The defendant's exceptions are overruled, and the case is remitted to the Superior Court within and for the county of Washington, with direction to enter judgment on the verdict.

*John W. Sweeney*, for plaintiff.

*Walter H. Barney, Everett A. Kingsley*, for defendant.